UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 25, 2015

LETTER TO COUNSEL

RE:   *Brian E. James v. Commissioner, Social Security Administration*;
      Civil No. SAG-14-1945

Dear Counsel:

On June 16, 2014, Plaintiff Brian E. James petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Mr. James filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on March 24, 2010. (Tr. 119-29). He alleged a disability onset date of July 1, 2008, which he later amended to January 15, 2011. (Tr. 118-19, 121). His claims were denied initially and on reconsideration. (Tr. 91-96, 99-102). A hearing was held on December 3, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 26-68). Following the hearing, the ALJ determined that Mr. James was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 9-20). The Appeals Council denied Mr. James's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. James suffered from the severe impairments of bipolar disorder, atrial fibrillation, diabetes, high blood pressure, hypertension, obesity, and cervical radiculitis. (Tr. 14). Despite these impairments, the ALJ determined that Mr. James retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) that does not require climbing ladders, ropes, or scaffolds; nor more than occasional balancing, crawling, crouching, kneeling, stooping, or climbing ramps and stairs; and limited to work that is simple, as defined in the Dictionary of Occupational Titles as specific vocational preparation levels one and two; and to routine and repetitive tasks in a work environment free of fast paced production requirements, which is defined as constant activity with work tasks performed sequentially in

*Brian E. James v. Commissioner, Social Security Administration*
Civil No. SAG-14-1945
February 25, 2015
Page 2

>     rapid succession.  The claimant is further limited to work involving only simple
>     work related decisions; with few, if any, work place changes; and only occasional
>     interaction with the general public, supervisors, and co-workers.

(Tr. 16).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. James could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled.  (Tr. 19-20).

On appeal, Mr. James raises a single argument:  that the ALJ failed to accord adequate weight to the opinions of Dr. Smith, Mr. James's treating psychologist.  Because the ALJ's evaluation of Mr. James's mental impairments, including the ALJ's assessment of Dr. Smith's opinions, was generally inadequate, remand is warranted.  In so holding, I express no opinion as to whether the ALJ's ultimate determination that Mr. James was not entitled to benefits was correct or incorrect.

Dr. Smith completed two opinion forms:  a "Medical Assessment of Ability to do Work-Related Activities (Psychological)," and a "Psychiatric Review Technique."  (Tr. 601-03, 609-22).  In assessing Mr. James's ability to do work-related activities, Dr. Smith opined that Mr. James had poor to no ability to make occupational and performance adjustments, fair to good ability to make personal-social adjustments, and that Mr. James did not have the ability to handle a forty hour work week from a psychiatric perspective.  (Tr. 601-03).  In the psychiatric review technique, Dr. Smith opined that Mr. James's mental impairments met or equaled the requirements of Listing 12.04, which governs affective disorders.  (Tr. 609, 612); s*ee* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A § 12.04.  Dr. Smith explained that Mr. James satisfied Listing 12.04 because he suffers marked difficulties in maintaining social functioning and in maintaining concentration, persistence, or pace, and because he has experienced three episodes of decompensation.  (Tr. 619).

The ALJ assigned "little weight" to the opinions expressed in both forms completed by Dr. Smith, stating simply that the medical record supported, at most, moderate functional limitations. (Tr. 18).  In order for an ALJ to assign less than controlling weight to the opinion of a treating physician, the ALJ must determine that the opinion either is not supported by objective medical evidence or is inconsistent with the other substantial evidence in the claimant's case record.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  First, I note that in this case the ALJ offered no explanation whatsoever for why he assigned "little weight" to the opinions in Dr. Smith's assessment of Mr. James's ability to do work-related activities.  Moreover, the ALJ cited no evidence in support of his conclusion that the record supported, at most, moderate functional limitations.  Because the ALJ did not adequately explain why Dr. Smith's opinions were not entitled to controlling weight or why they were instead entitled to "little weight," I cannot determine that the ALJ provided substantial evidence in support of his RFC assessment.

At step three, the ALJ likewise cited very little evidence in his application of the "special technique," which is used for evaluating the severity of mental impairments and whether mental impairments meet or medically equal a listing.  That technique is set forth in 20 C.F.R. §§

404.1520a and 416.920a. *See Robbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652-54 (6th Cir. 2009); *Kohler v. Astrue*, 546 F.3d 260, 265-66 (2d Cir. 2008) (citing *Schmidt v. Astrue*, 496 F.3d 833, 844 n. 4 (7th Cir. 2007)). The ALJ "must first evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [he] ha[s] a medically determinable mental impairment(s)." 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1). The ALJ must "then rate the degree of functional limitation resulting from the impairment(s)" in four broad functional areas. 20 C.F.R. §§ 404.1520a(b)(2), 404.1520a(c), 416.920a(b)(2), 416.920a(c). The ALJ must document the application of the technique in the hearing decision, incorporating pertinent findings and conclusions, and documenting the significant history and functional limitations that were considered. *Id.* § 404.1520(e)(4). In this case, although the ALJ outlined the broad functional areas, he simply stated the degree of limitation in each area, providing little to no explanation in support of his determination. (Tr. 15-16). For most of the functional areas, the "explanation" consisted of a simple, generic sentence with no reference to supporting facts or evidence. Moreover, the remainder of the opinion contains no discussion of Mr. James's ability to engage in social functioning or to concentrate on tasks. In light of the failure of sufficient explanation, remand is warranted for an adequate application of the special technique.

Finally, I note that the ALJ did not discuss or assign weight to the opinions expressed by Dr. Nanavati in the Department of Social Services Medical Report Form 402B. (Tr. 453-56). Dr. Nanavati's opinions were largely consistent with the opinions expressed in the forms completed by Dr. Smith. *Id.* Although "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," *Reid v. Commissioner of Social Security*, 769 F.3d. 861, 865 (4th Cir. 2014), the ALJ is required to "evaluate every medical opinion" in the record, *see* 20 C.F.R. §§ 404.1527(c) and 416.927(c). Accordingly, the ALJ's failure to evaluate Dr. Nanavati's opinions further undermines the ALJ's assessment of Dr. Smith's opinions, and on remand, the ALJ should evaluate Dr. Nanavati's opinions in accordance with 20 C.F.R. §§ 404.1527 and 416.927.

For the reasons set forth herein, Mr. James's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED. The ALJ's opinion is VACATED and the case is REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge